# EXHIBIT 4

American Psychiatric Association

# The Principles of Medical Ethics

## With Annotations Especially Applicable to Psychiatry

2013 Edition

EXHIBIT
2
7/6/2023

Copyright © 2010 American Psychiatric Association
ALL RIGHTS RESERVED
Manufactured in the United States of America
08 07 06 3 2 1

The Principles of Medical Ethics

2013 Edition
(Previous editions 1973, 1978, 1981, 1984, 1985, 1989, 1992, 1993, 1995, 1995 Revised, 1998, 2001, 2001 Revised, 2006, 2008, 2009. 2009 Revised, and 2010

American Psychiatric Association
1000 Wilson Boulevard #1825
Arlington, VA 22209

# THE PRINCIPLES OF MEDICAL ETHICS

With Annotations Especially
Applicable to Psychiatry
2013 Edition

In 1973, the American Psychiatric Association (APA) published the first edition of *The Principles of Medical Ethics with Annotations Especially Applicable to Psychiatry.* Subsequently, revisions were published as the APA Board of Trustees and the APA Assembly approved additional annotations. In July of 1980, the American Medical Association (AMA) approved a new version of the *Principles of Medical Ethics* (the first revision since 1957), and the APA Ethics Committee[1] incorporated many of its annotations into the new *Principles*, which resulted in the 1981 edition and subsequent revisions. This version includes changes to the *Principles* approved by the AMA in 2001.

## Foreword

ALL PHYSICIANS should practice in accordance with the medical code of ethics set forth in the *Principles of Medical Ethics* of the American Medical Association. An up-to-date expression and elaboration of these statements is found in the Opinions and Reports of the Council on Ethical and Judicial Affairs of the American Medical Association.[2] Psychiatrists are strongly advised to be familiar with these documents.[3]

However, these general guidelines have sometimes been difficult to interpret for psychiatry, so further annotations to the basic principles are offered in this document. While psychiatrists have the same goals as all physicians, there are special ethical problems in psychiatric practice that differ in coloring and degree from ethical problems in other branches of medical practice, even

[1]The committee included Herbert Klemmer, M.D., Chairperson, Miltiades Zaphiropoulos, M.D., Ewald Busse, M.D., John R. Saunders. M.D., and Robert McDevitt, M.D. J. Brand Brickman, M.D., William P. Camp, M.D., and Robert A. Moore, M.D., served as consultants to the APA Ethics Committee.

[2]*Current Opinions with Annotations of the Council on Ethical and Judicial Affairs*, Chicago, American Medical Association, 2002–2003.

[3]Chapter 7, Section 1 of the Bylaws of the American Psychiatric Association (May 2003 edition) states, "All members of the Association shall be bound by the ethical code of the medical profession, specifically defined in the *Principles of Medical Ethics* of the American Medical Association and in the Association's *Principles of Medical Ethics With Annotations Especially Applicable to Psychiatry*." In interpreting the Bylaws, it is the opinion of the APA Board of Trustees that inactive status in no way removes a physician member from responsibility to abide by the *Principles of Medical Ethics*.

though the basic principles are the same. The annotations are not designed as absolutes and will be revised from time to time so as to be applicable to current practices and problems.

Following are the AMA *Principles of Medical Ethics*, printed in their entirety, and then each principle printed separately along with an annotation especially applicable to psychiatry.

**Principles of Medical Ethics**
**American Medical Association**

## Preamble

The medical profession has long subscribed to a body of ethical statements developed primarily for the benefit of the patient. As a member of this profession, a physician must recognize responsibility to patients first and foremost, as well as to society, to other health professionals, and to self. The following *Principles* adopted by the American Medical Association are not laws, but standards of conduct which define the essentials of honorable behavior for the physician.

*Section 1*
A physician shall be dedicated to providing competent medical care, with compassion and respect for human dignity and rights.

*Section 2*
A physician shall uphold the standards of professionalism, be honest in all professional interactions, and strive to report physicians deficient in character or competence, or engaging in fraud or deception, to appropriate entities.

*Section 3*
A physician shall respect the law and also recognize a responsibility to seek changes in those requirements which are contrary to the best interests of the patient.

*Section 4*
A physician shall respect the rights of patients, colleagues, and other health professionals, and shall safeguard patient confidences and privacy within the constraints of the law.

*Section 5*
A physician shall continue to study, apply, and advance scientific knowledge, maintain a commitment to medical education, make relevant information available to patients, colleagues, and the public, obtain consultation, and use the talents of other health professionals when indicated.

*Section 6*
A physician shall, in the provision of appropriate patient care, except in emergencies, be free to choose whom to serve, with whom to associate, and the environment in which to provide medical care.

*Section 7*
A physician shall recognize a responsibility to participate in activities contributing to the improvement of the community and the betterment of public health.

*Section 8*
A physician shall, while caring for a patient, regard responsibility to the patient as paramount.

*Section 9*
A physician shall support access to medical care for all people.

## Principles with Annotations

Following are each of the AMA *Principles of Medical Ethics* printed separately along with annotations especially applicable to psychiatry.

**Preamble**
The medical profession has long subscribed to a body of ethical statements developed primarily for the benefit of the patient. As a member of this profession, a physician must recognize responsibility to patients first and foremost, as well as to society, to other health professionals, and to self. The following Principles adopted by the American Medical Association are not laws, but standards of conduct which define the essentials of honorable behavior for the physician.[4]

*Section 1*
*A physician shall be dedicated to providing competent medical care with compassion and respect for human dignity and rights.*

1. A psychiatrist shall not gratify his or her own needs by exploiting the patient. The psychiatrist shall be ever vigilant about the impact that his or her conduct has upon the boundaries of the doctor–patient relationship, and thus upon the well-being of the patient. These requirements become particularly important because of the essentially private, highly personal, and sometimes intensely emotional nature of the relationship established with the psychiatrist.

2. A psychiatrist should not be a party to any type of policy that excludes, segregates, or demeans the dignity of any patient because of ethnic origin, race, sex, creed, age, socioeconomic status, or sexual orientation.

[4]Statements in italics are taken directly from the American Medical Association's *Principles of Medical Ethics*.

3. In accord with the requirements of law and accepted medical practice, it is ethical for a physician to submit his or her work to peer review and to the ultimate authority of the medical staff executive body and the hospital administration and its governing body. In case of dispute, the ethical psychiatrist has the following steps available:

a. Seek appeal from the medical staff decision to a joint conference committee, including members of the medical staff executive committee and the executive committee of the governing board. At this appeal, the ethical psychiatrist could request that outside opinions be considered.

b. Appeal to the governing body itself.

c. Appeal to state agencies regulating licensure of hospitals if, in the particular state, they concern themselves with matters of professional competency and quality of care.

d. Attempt to educate colleagues through development of research projects and data and presentations at professional meetings and in professional journals.

e. Seek redress in local courts, perhaps through an enjoining injunction against the governing body.

f. Public education as carried out by an ethical psychiatrist would not utilize appeals based solely upon emotion, but would be presented in a professional way and without any potential exploitation of patients through testimonials.

4. A psychiatrist should not be a participant in a legally authorized execution.

*Section 2*
*A physician shall uphold the standards of professionalism, be honest in all professional interactions and strive to report physicians deficient in character or competence, or engaging in fraud or deception to appropriate entities.*

1. The requirement that the physician conduct himself/herself with propriety in his or her profession and in all the actions of his or her life is especially important in the case of the psychiatrist because the patient tends to model his or her behavior after that of his or her psychiatrist by identification. Further, the necessary intensity of the treatment relationship may tend to activate sexual and other needs and fantasies on the part of both patient and psychiatrist, while weakening the objectivity necessary for control. Additionally, the inherent inequality in the doctor-patient relationship may lead to exploitation of the patient. Sexual activity with a current or former patient is unethical.

2. The psychiatrist should diligently guard against exploiting information furnished by the patient and should not use the unique position of power afforded him/her by the psychotherapeutic situation to influence the patient in any way not directly relevant to the treatment goals.

3. A psychiatrist who regularly practices outside his or her area of professional competence should be considered unethical. Determination of professional competence should be made by peer review boards or other appropriate bodies.

4. Special consideration should be given to those psychiatrists who, because of mental illness, jeopardize the welfare of their patients and their own reputations and practices. It is ethical, even encouraged, for another psychiatrist to intercede in such situations.

5. Psychiatric services, like all medical services, are dispensed in the context of a contractual arrangement between the patient and the physician. The provisions of the contractual arrangement, which are binding on the physician as well as on the patient, should be explicitly established.

6. It is ethical for the psychiatrist to make a charge for a missed appointment when this falls within the terms of the specific contractual agreement with the patient. Charging for a missed appointment or for one not canceled 24 hours in advance need not, in itself, be considered unethical if a patient is fully advised that the physician will make such a charge. The practice, however, should be resorted to infrequently and always with the utmost consideration for the patient and his or her circumstances.

7. An arrangement in which a psychiatrist provides supervision or administration to other physicians or nonmedical persons for a percentage of their fees or gross income is not acceptable; this would constitute fee splitting. In a team of practitioners, or a multidisciplinary team, it is ethical for the psychiatrist to receive income for administration, research, education, or consultation. This should be based on a mutually agreed-upon and set fee or salary, open to renegotiation when a change in the time demand occurs. (See also Section 5, Annotations 2, 3, and 4.)

*Section 3*
*A physician shall respect the law and also recognize a responsibility to seek changes in those requirements which are contrary to the best interests of the patient.*

1. It would seem self-evident that a psychiatrist who is a law-breaker might be ethically unsuited to practice his or her profession. When such illegal activities bear directly upon his or her practice, this would obviously be the case. However, in other instances, illegal activities such as those concerning the right to protest social injustices might not bear on either the image of the psychiatrist or the ability of the specific psychiatrist to treat his or her patient ethically and well. While no committee or board could offer prior assurance that any illegal activity would not be considered unethical, it is conceivable that an individual could violate a law without being guilty

of professionally unethical behavior. Physicians lose no right of citizenship on entry into the profession of medicine.

2. Where not specifically prohibited by local laws governing medical practice, the practice of acupuncture by a psychiatrist is not unethical per se. The psychiatrist should have professional competence in the use of acupuncture. Or, if he or she is supervising the use of acupuncture by nonmedical individuals, he or she should provide proper medical supervision. (See also Section 5, Annotations 3 and 4.)

*Section 4*
*A physician shall respect the rights of patients, colleagues, and other health professionals, and shall safeguard patient confidences and privacy within the constraints of the law.*

1. Psychiatric records, including even the identification of a person as a patient, must be protected with extreme care. Confidentiality is essential to psychiatric treatment. This is based in part on the special nature of psychiatric therapy as well as on the traditional ethical relationship between physician and patient. Growing concern regarding the civil rights of patients and the possible adverse effects of computerization, duplication equipment, and data banks makes the dissemination of confidential information an increasing hazard. Because of the sensitive and private nature of the information with which the psychiatrist deals, he or she must be circumspect in the information that he or she chooses to disclose to others about a patient. The welfare of the patient must be a continuing consideration.

2. A psychiatrist may release confidential information only with the authorization of the patient or under proper legal compulsion. The continuing duty of the psychiatrist to protect the patient includes fully apprising him/her of the connotations of waiving the privilege of privacy. This may become an issue when the patient is being investigated by a government agency, is applying for a position, or is involved in legal action. The same principles apply to the release of information concerning treatment to medical departments of government agencies, business organizations, labor unions, and insurance companies. Information gained in confidence about patients seen in student health services should not be released without the students' explicit permission.

3. Clinical and other materials used in teaching and writing must be adequately disguised in order to preserve the anonymity of the individuals involved.

4. The ethical responsibility of maintaining confidentiality holds equally for the consultations in which the patient may not have been present and in which the consultee was not a physician. In such instances, the physician consultant should alert the consultee to his or her duty of confidentiality.

5. Ethically, the psychiatrist may disclose only that information which is relevant to a given situation. He or she should avoid offering speculation as fact. Sensitive information such as an individual's sexual orientation or fantasy material is usually unnecessary.

6. Psychiatrists are often asked to examine individuals for security purposes, to determine suitability for various jobs, and to determine legal competence. The psychiatrist must fully describe the nature and purpose and lack of confidentiality of the examination to the examinee at the beginning of the examination.

7. Careful judgment must be exercised by the psychiatrist in order to include, when appropriate, the parents or guardian in the treatment of a minor. At the same time, the psychiatrist must assure the minor proper confidentiality.

8. When, in the clinical judgment of the treating psychiatrist, the risk of danger is deemed to be significant, the psychiatrist may reveal confidential information disclosed by the patient."

9. When the psychiatrist is ordered by the court to reveal the confidences entrusted to him/her by patients, he or she may comply or he/ she may ethically hold the right to dissent within the framework of the law. When the psychiatrist is in doubt, the right of the patient to confidentiality and, by extension, to unimpaired treatment should be given priority. The psychiatrist should reserve the right to raise the question of adequate need for disclosure. In the event that the necessity for legal disclosure is demonstrated by the court, the psychiatrist may request the right to disclosure of only that information which is relevant to the legal question at hand.

10. With regard for the person's dignity and privacy and with truly informed consent, it is ethical to present a patient to a scientific gathering if the confidentiality of the presentation is understood and accepted by the audience.

11. It is ethical to present a patient or former patient to a public gathering or to the news media only if the patient is fully informed of enduring loss of confidentiality, is competent, and consents in writing without coercion.

12. When involved in funded research, the ethical psychiatrist will advise human subjects of the funding source, retain his or her freedom to reveal data and results, and follow all appropriate and current guidelines relative to human subject protection.

13. Ethical considerations in medical practice preclude the psychiatric evaluation of any person charged with criminal acts prior to access to, or availability of, legal counsel. The only exception is the rendering of care to the person for the sole purpose of medical treatment.

14. Sexual involvement between a faculty member or supervisor and a trainee or student, in those situations in which an abuse of power can occur, often takes advantage of inequalities in the working relationship and may be unethical because:

a. Any treatment of a patient being supervised may be deleteriously affected.
b. It may damage the trust relationship between teacher and student.
c. Teachers are important professional role models for their trainees and affect their trainees' future professional behavior.

*Section 5*
*A physician shall continue to study, apply, and advance scientific knowledge, maintain a commitment to medical education, make relevant information available to patients, colleagues, and the public, obtain consultation, and use the talents of other health professionals when indicated.*

1. Psychiatrists are responsible for their own continuing education and should be mindful of the fact that theirs must be a lifetime of learning.

2. In the practice of his or her specialty, the psychiatrist consults, associates, collaborates, or integrates his or her work with that of many professionals, including psychologists, psychometricians, social workers, alcoholism counselors, marriage counselors, public health nurses, and the like. Furthermore, the nature of modern psychiatric practice extends his or her contacts to such people as teachers, juvenile and adult probation officers, attorneys, welfare workers, agency volunteers, and neighborhood aides. In referring patients for treatment, counseling, or rehabilitation to any of these practitioners, the psychiatrist should ensure that the allied professional or paraprofessional with whom he or she is dealing is a recognized member of his or her own discipline and is competent to carry out the therapeutic task required. The psychiatrist should have the same attitude toward members of the medical profession to whom he or she refers patients. Whenever he or she has reason to doubt the training, skill, or ethical qualifications of the allied professional, the psychiatrist should not refer cases to him/her.

3. When the psychiatrist assumes a collaborative or supervisory role with another mental health worker, he or she must expend sufficient time to assure that proper care is given. It is contrary to the interests of the patient and to patient care if the psychiatrist allows himself/herself to be used as a figurehead.

4. In relationships between psychiatrists and practicing licensed psychologists, the physician should not delegate to the psychologist or, in fact, to any nonmedical person any matter requiring the exercise of professional medical judgment.

5. The psychiatrist should agree to the request of a patient for consultation or to such a request from the family of an incompetent or minor patient. The psychiatrist may suggest possible consultants, but the patient or family should be given free choice of the consultant. If the psychiatrist disapproves of the professional qualifications of the consultant or if there is a difference of opinion that the primary therapist cannot resolve, he or she may, after suitable notice, withdraw from the case. If this disagreement occurs within an institution or agency framework, the differences should be resolved by the mediation or arbitration of higher professional authority within the institution or agency.

*Section 6*
*A physician shall, in the provision of appropriate patient care, except in emergencies, be free to choose whom to serve, with whom to associate, and the environment in which to provide medical care.*

1. Physicians generally agree that the doctor-patient relationship is such a vital factor in effective treatment of the patient that preservation of optimal conditions for development of a sound working relationship between a doctor and his or her patient should take precedence over all other considerations. Professional courtesy may lead to poor psychiatric care for physicians and their families because of embarrassment over the lack of a complete give-and-take contract.

2. An ethical psychiatrist may refuse to provide psychiatric treatment to a person who, in the psychiatrist's opinion, cannot be diagnosed as having a mental illness amenable to psychiatric treatment.

*Section 7*
*A physician shall recognize a responsibility to participate in activities contributing to the improvement of the community and the betterment of public health.*

1. Psychiatrists should foster the cooperation of those legitimately concerned with the medical, psychological, social, and legal aspects of mental health and illness. Psychiatrists are encouraged to serve society by advising and consulting with the executive, legislative, and judiciary branches of the government. A psychiatrist should clarify whether he/ she speaks as an individual or as a representative of an organization. Furthermore, psychiatrists should avoid cloaking their public statements with the authority of the profession (e.g., "Psychiatrists know that").

2. Psychiatrists may interpret and share with the public their expertise in the various psychosocial issues that may affect mental health and illness. Psychiatrists should always be mindful of their separate roles as dedicated citizens and as experts in psychological medicine.

3. On occasion psychiatrists are asked for an opinion about an individual who is in the light of public attention or who has disclosed information about himself/herself through public media. In such circumstances, a psychiatrist may share with the public his or her expertise about psychiatric issues in general. However, it is unethical for a psychiatrist to offer a professional opinion unless he or she has conducted an examination and has been granted proper authorization for such a statement.

4. The psychiatrist may permit his or her certification to be used for the involuntary treatment of any person only following his or her personal examination of that person. To do so, he or she must find that the person, because of mental illness, cannot form a judgment as to what is in his/ her own best interests and that, without such treatment, substantial impairment is likely to occur to the person or others.

5. Psychiatrists shall not participate in torture.

*Section 8*
*A physician shall, while caring for a patient, regard responsibility to the patient as paramount.*

1. Psychiatrists' relationships with companies, organizations, the community, or larger society can affect their interactions with patients.

2. When the psychiatrist's outside relationships conflict with the clinical needs of the patient, the psychiatrist must always consider the impact of such relationships and strive to resolve conflicts in a manner that the psychiatrist believes is likely to be beneficial to the patient.

3. When significant relationships exist that may conflict with patients' clinical needs, it is especially important to inform the patient or decision maker about these relationships and potential conflicts with clinical needs.

4. In informing a patient of treatment options, the psychiatrist should assist the patient in identifying relevant options that promote an informed treatment decision, including those that are not available from the psychiatrist or from the organization with which the psychiatrist is affiliated.

*Section 9*

*A physician shall support access to medical care for all people.*