UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RONALD BRODEN,                                    :
                              Plaintiff,          :
                                                  :          **OPINION AND ORDER**
v.                                                :
                                                  :          21 CV 10411 (VB)
BORIS RUBINSTEIN, M.D., M.P.H.,                   :
                              Defendant.          :
------------------------------------------------------------x

Briccetti, J.:

Plaintiff Ronald Broden brings this action against his former psychiatrist, defendant Boris

Rubinstein, M.D., M.P.H., for breach of physician-patient confidentiality.

Before the Court is defendant's motion in limine. (Doc. #116). Defendant seeks to limit

the trial testimony of plaintiff's expert, Dr. David Salvage, to whether it was a breach of

physician-patient confidentiality for defendant to disclose to plaintiff's parents that defendant

prescribed plaintiff anti-psychotic medications. In addition, in the event the Court grants the

motion to limit Dr. Salvage's testimony, defendant seeks to preclude similar testimony by

plaintiff.

For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE to

renewing objections at trial.

### BACKGROUND

The parties have submitted memoranda of law with supporting declarations and exhibits,

as well as an amended joint pre-trial order containing the parties' agreed statements of fact.

(Doc. #124). Together, they reflect the following background.

Defendant and plaintiff's father, Dr. Alex Broden, were psychiatrists with a close

personal and professional relationship. Plaintiff's parents referred plaintiff to defendant for

psychiatric treatment, and defendant provided psychiatric services from December 22, 1999, to May 23, 2019, when he sent plaintiff a letter terminating the physician-patient relationship.

Between April 25, 2019, and February 17, 2020, plaintiff sent defendant numerous emails criticizing the care defendant rendered to him. In some emails, plaintiff copied members of his family and discussed plaintiff's treatment over the past decade, including evidence that plaintiff was depressed, had spent a night in jail for extortion, was prescribed Klonopin and was dependent upon it, and had a history of abusing alcohol. In emails sent only to defendant, plaintiff referenced defendant prescribing him anti-psychotic medications, including Seroquel and Risperdal. Plaintiff also posted negative reviews of defendant online during this time.

On or about February 20, 2020,[1] defendant met with plaintiff's parents and showed them a number of the emails plaintiff sent him, including emails refencing the prescription of anti-psychotic medications. Plaintiff claims defendant also made derogatory statements about plaintiff to plaintiff's parents at this meeting.

On October 11, 2024, the Court granted in part and denied in part defendant's motion for summary judgment. First, the Court held that plaintiff's claims for any purported disclosures before December 6, 2018, are time barred. Second, the Court found plaintiff waived his right to confidentiality regarding six topics contained in emails to plaintiff's family members, namely that: (i) plaintiff sought defendant's assistance with depression; (ii) defendant evaluated plaintiff as psychotic; (iii) plaintiff spent a night in jail for attempting to extort the husband of the woman with whom he had an affair; (iv) defendant prescribed plaintiff Klonopin and plaintiff developed a dependence on Klonopin; (v) plaintiff had a history of alcohol abuse; and (vi) defendant's

---

[1]     In their pretrial submissions, the parties variously refer to this meeting as having taken place on either February 18 or February 20. The exact date is not material to a resolution of the instant motion.

notes indicated plaintiff had PTSD and was bipolar.  However, the Court did not find plaintiff waived his right to confidentiality regarding defendant's prescription of anti-psychotic medications.  Third, the Court held plaintiff could not recover damages for physical injuries or lost wages and benefits for the purported breach.

Plaintiff now contends defendant breached his duty of physician-patient confidentiality by disclosing to plaintiff's parents emails between plaintiff and defendant referencing the prescription of anti-psychotic medications and also by making verbal statements to plaintiff's parents that were extremely derogatory.  As relevant here, defendant contends (i) he did not breach his duty by disclosing the prescription of anti-psychotic medications, (ii) plaintiff waived his right to physician-patient confidentiality with respect to all of the information contained in the emails, (iii) defendant was justified in showing plaintiff's emails to his parents, and (iv) plaintiff did not suffer any psychological or emotional injuries as a result of his parents learning he had been prescribed antipsychotic medications.

Plaintiff retained Dr. Salvage, a psychiatrist, to perform "a forensic examination related to the issues raised in the litigation."  (Doc. #117-2 at ECF 2).[2]  He evaluated plaintiff by video conference on August 17, 2023, and prepared an amended expert report dated September 11, 2023, containing his opinions in this case.  (Id.).  Counsel for plaintiff maintains he will "examine Dr. Salvage consistent with the Court's Opinion and Order."  (Doc. #119 at 2).  In particular, counsel states Dr. Salvage will testify regarding: (i) the scope and reasons for the confidential nature of the relationship between a psychiatrist and his patient; (ii) that the need for caution and vigilance regarding the duty of confidentiality was heightened given defendant's

---

[2]    "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

close relationship with plaintiff's father; (iii) one reason for the importance of maintaining

confidentiality is that patients often develop an emotional dependency on their psychiatrist,

which can be particularly problematic when the psychiatrist has both a professional relationship

with one family member (plaintiff) and a social/peer relationship with another (plaintiff's father);

and (iv) the importance of obtaining a written waiver from the patient before confidential

information can be disclosed.  Counsel for plaintiff also states Dr. Salvage will not testify as to

whether Dr. Rubinstein should have declined to, or was ethically prohibited from, taking plaintiff

on as a patient.  (Id. at 2–3).

## LEGAL STANDARD

A trial court's "inherent authority to manage the course of its trials encompasses the right

to rule on motions in limine."  Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173,

176 (S.D.N.Y. 2008).  An in limine motion is intended "to aid the trial process by enabling the

Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that

are definitely set for trial, without lengthy argument at, or interruption of, the trial."  Palmieri v.

Defaria, 88 F.3d 136, 141 (2d Cir. 1996).  "Because a ruling on a motion in limine is subject to

change as the case unfolds, this ruling constitutes a preliminary determination in preparation for

trial."  United States v. Perez, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011).  "A court

considering a motion in limine may reserve judgment until trial so that the motion is placed in

the appropriate factual context."  New Am. Mktg. FSI LLC v. MGA Entm't, Inc., 187 F. Supp.

3d 476, 481 (S.D.N.Y. 2016).

4

**DISCUSSION**

I.     Dr. Salvage's Testimony

Defendant argues Dr. Salvage's testimony should be limited to the propriety of disclosing to plaintiff's parents that defendant prescribed anti-psychotic medications.  He argues many of the topics plaintiff proposes should be excluded as irrelevant under Fed. R. Evid. 401, and because they would unduly prejudice defendant and distract and confuse the jury under Fed. R. Evid. 403 by presenting a multitude of extraneous issues, such as "whether it was inappropriate for defendant to treat plaintiff to begin with."  (Doc. #118 at 13).

The Court defers ruling on any specific objections to Dr. Salvage's testimony until trial, in large part because the parties do not identify specific testimony that should be excluded or admitted.  However, the Court provides guidance intended to inform the parties' conduct at trial.

For instance, in his report, Dr. Salvage states the breach "was not designed to help the patient," but "to benefit the physician."  (Doc. #117-2 at 11).  Consistent with his opinion, Dr. Salvage could provide the jury background information regarding the confidential nature of the relationship between a psychiatrist and his patient, and when a psychiatrist may be justified in breaching that confidentiality.  The Court expects such testimony would be relevant to whether defendant in this case breached his duty of confidentiality, and does not risk unduly prejudicing defendant or confusing the jury.

However, the Court does not expect it would permit Dr. Salvage to testify as to whether it was appropriate for defendant to prescribe Klonopin or whether defendant should have told plaintiff about his possible diagnosis of bipolar disorder.  Such testimony would not bear on liability for the specific purported breach of physician-patient confidentiality here or plaintiff's damages for that breach.  Similarly, the Court does not expect to permit Dr. Salvage to testify

regarding how plaintiff's behavior—including his emails to defendant—may have been impacted by his addiction to and withdrawal from Klonopin, because such testimony would likewise not be relevant to the issue of breach, and, even if marginally relevant, would be unfairly prejudicial to defendant.  Moreover, such an opinion does not seem to be included in Dr. Salvage's amended expert report, as required by Rule 26 of the Federal Rules of Civil Procedure, and thus could be excluded under Rule 37.

II.    <u>Plaintiff's Testimony</u>

Defendant also argues that if the Court precludes Dr. Salvage from testifying about "these issues" (Doc. #118 at 15), then there is no legitimate basis for plaintiff to testify about them, as such testimony would only be admissible if it provided a foundation for an expert's opinion.

As an initial matter, defendant's request to exclude testimony about "these issues" is too vague for the Court to rule on at this juncture.  Moreover, because at this point the Court has not excluded Dr. Salvage's testimony on any topics, it will not do so as to plaintiff either.

However, the Court will share guidance on how it may expect to rule on any objections at trial.  For example, the Court expects it would allow plaintiff to testify regarding the history of his relationship with defendant, as such testimony provides appropriate background and may be relevant to the jury's determination of whether the specific purported breach at issue here was justified and its potential determination of damages.  Courts have "wide discretion concerning the admissibility of background evidence."  <u>United States v. Blackwell</u>, 853 F.2d 86, 88 (2d Cir. 1988).  As the Advisory Committee's notes on Rule 401 explain, evidence "which  is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."  <u>See also</u> <u>McCormick on Evidence</u> § 184, at 541

("considerable leeway is allowed even on direct examination for proof of facts that do not bear purely on the legal issues, but merely fill in the background of the narrative").

Nonetheless, the Court is likely to preclude plaintiff from testifying that it was improper for defendant to have entered into a physician-patient relationship with plaintiff, or about the appropriateness of the care rendered, including the prescription of Klonopin.  Such testimony would not be relevant to the specific purported breach of physician-patient confidentiality at issue here.

**CONCLUSION**

Defendant's motion in limine is DENIED WITHOUT PREJUDICE to renewing objections at trial.

The Clerk is directed to terminate the motion.  (Doc. #116).

The final pretrial conference will proceed as scheduled on May 20, 2025, at 2:30 p.m., at the White Plains courthouse, Courtroom 620.

Dated:  April 16, 2025
        White Plains, NY

                        SO ORDERED:


                        _____
                        Vincent L. Briccetti
                        United States District Judge

7