UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RONALD BRODEN,                                      :
                Plaintiff,        :
v.                                                  :     **ORDER**
                                                    :
BORIS RUBINSTEIN, M.D., M.P.H.,                     :     21 CV 10411 (VB)
                Defendant.        :
--------------------------------------------------------------x

      By letter dated May 8, 2025, plaintiff's counsel requested that the Court (i) permit plaintiff's expert witness, Dr. David Salvage, to testify remotely at trial, pursuant to Fed. R. Civ. P. 43(a), and (ii) order non-party Loeb & Loeb LLP ("Loeb") to comply with plaintiff's May 6, 2025, trial subpoena by producing "copies of the current will and immediate prior will" of plaintiff's parents. (Doc. #131).

      Thereafter, the Court (i) directed plaintiff's counsel to submit a letter by May 12, explaining why it would be appropriate under Rule 43(a) to permit Dr. Salvage to testify remotely, (ii) stated it would be premature to order Loeb to comply with the May 6 subpoena, and (iii) directed defense counsel to respond to plaintiff's letters by May 15. (Doc. #132).

      By letter dated May 12, 2025 (Doc. #133), plaintiff's counsel stated there was good cause and compelling circumstances for Dr. Salvage to be permitted to testify remotely because "Dr. Salvage and his family have been in Spain for the past several months and plan to remain there for at least the remainder of the year."

      In two separate letters dated May 13, 2025, defense counsel argued that (i) Dr. Salvage's voluntary absence did not constitute good cause in compelling circumstances warranting his remote testimony (Doc. #135), and (ii) plaintiff's request to compel Loeb to produce the requested documents should be denied (Doc. #136).

I.    Dr. Salvage's Testimony

      For the following reasons, the request to permit Dr. Salvage to testify remotely is DENIED.

      The fact that Dr. Salvage has been in Spain for several months and plans to remain there through at least the end of the year is plainly insufficient.

      Rule 43(a) provides that although a witness's testimony "must be taken in open court," "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As emphasized by the Advisory Committee Notes to Rule 43, live testimony is an important component of trial: "The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that

it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.

The inconvenience and expense of international travel may sometimes justify "contemporaneous transmission from a different location." See generally Virtual Architecture, Ltd. v. Rick, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (not "merely inconvenient" for witness, a non-U.S. citizen who resided in the Seychelles, an island nation in the Indian Ocean, more than 20 hours by flight time from New York, to travel to New York). Here, however, plaintiff's request is based on mere inconvenience, which is insufficient. Dr. Salvage's purported inability to appear in person is not based on some unexpected reason, such as accident or illness. Indeed, the trial date of May 27, 2025, was set nearly six months in advance on December 2, 2024 (Doc. #114), which gave plaintiff's counsel and Dr. Salvage plenty of time to make arrangements for Dr. Salvage to appear in person. Moreover, it would not be especially difficult or expensive for Dr. Salvage to travel from Spain to New York to testify in person. There are many, and not excessively long or expensive, direct flights from Spain to New York. Finally, Dr. Salvage is a compensated expert witness, whose commitment to testify includes making himself available for trial in in person. The cases cited by plaintiff's counsel to the contrary are inapposite and distinguishable for the reasons set forth in defense counsel's letter.

II.  May 6 Subpoena to Loeb

The Court previously explained that plaintiff's request to enforce the May 6 Loeb subpoena was premature because Loeb "has not moved to quash or otherwise indicated it will not comply." (Doc. #132).

Loeb has now indicated it will not comply; defense counsel's May 13, 2025, letter attaches Loeb's May 12, 2025, objections, which state "Loeb will not produce documents or other information in response to the Subpoena." (Doc. #136-1 at 7).

Defendant does not have standing to object to the subpoena on the grounds of attorney-client privilege, because defendant is not Loeb's client. However, it does appear that the Loeb subpoena is an attempt to obtain discovery of documents—the current and immediately prior wills of plaintiff's parents that plaintiff's counsel says are "necessary" to showing that plaintiff's parents changed their will after defendant complained to them about plaintiff's online posting of negative reviews of defendant—long after the deadline for the completion of discovery expired.

Accordingly, by **May 16, 2025**, plaintiff's counsel shall submit a letter explaining why the Loeb subpoena should be enforced. The Court will address the matter at the final pretrial conference on May 20, 2025, at 2:30 p.m.

In addition, because Loeb objects to the May 6 subpoena, Loeb's presence at the final pretrial conference on May 20 is necessary and appropriate. Accordingly, Loeb is ordered to appear through counsel at the final pretrial conference. By close of business today, May 14,

2025, plaintiff's counsel is directed to serve a copy of this Order on Loeb's counsel by email and file proof of service on the ECF docket.

Dated: May 14, 2025
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

3